PEOPLE, PLAINTIFF AND APPELLEE, *v.* MORALES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Seduction.

No. 1894.—Decided March 30, 1922.

SEDUCTION — EVIDENCE — CORROBORATION. — For the purpose of corroborating the testimony of the woman seduced regarding the sexual intercourse, as required by section 250 of the Code of Criminal Procedure, amended in 1909, it is not enough to call only her father who on that point merely testified that

" * *. * He did not tell me why he discontinued his visits to my house. I told him that he should marry my daughter *because of' what he had done in my house* and I took him home with me at 9 p. m. when he said: 'I am going to get the judge.' The next day he left the school. * * * "

The facts are stated in the opinion.

*Messrs. J. Alemañy Sosa, H. Miranda* and *M. Tous Soto* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant bases his appeal from the judgment convicting him of seduction on the allegation that the verdict of guilty found by the jury was not supported by the evidence, because there was nothing to corroborate the testimony of the prosecutrix that he had made her a promise of marriage or that she had sexual intercourse with the appellant.

The prosecutrix, Emilia de Jesús, testified at the trial that the defendant, Oscar Morales, was her fiancé and that he had sexual intercourse with her on May 20, 1921, under a promise of marriage made to her prior to the act and repeated to her on that day for the purpose of obtaining her consent.

Section 250 of the Code of Criminal Procedure, as amended in 1909, provides that in a case of seduction, in order to convict, the testimony of the woman must be corroborated, and the corroborating evidence on these two points of her testimony in this case consisted only of the testimony of her father, Arturo de Jesús, who testified that the defendant asked him for the hand of his daughter Emilia in marriage and offered to marry her, for which reason he permitted him to come to the house as the fiancé of his daughter, whom he visited almost every night until the 16th of June, 1921, after which he did not return. He also testified that "he did not tell me why he discontinued his visits to my house. I told him that he should marry my daughter because of what he had done in my house, and took him home with

me at 9 p. m. when he said: 'I am going to get the judge.' On the next day he left the school. That was on June 16. * * * ,,

Although this testimony was sufficient to corroborate her testimony that prior to the 20th of May, 1921, on which day the defendant is charged with the seduction, the appellant had promised to marry Emilia de Jesús, it does not corroborate the testimony of the prosecutrix that the defendant had carnal intercourse with her. *People* v. *López,* 24 P. R. R. 410.

In that case we said also that in the crime of seduction the seduction and the promise of marriage are elements of equal importance, and that there must be evidence tending to corroborate both elements, citing several cases to the same effect. In the case of *People* v. *Rosario,* 25 P. R. R. 675, we discussed this question at length and reached the same conclusion. Very recently we applied the same rule of corroboration in the case of *People* v. *De Jesús, ante,* p. 219, a case of rape.

Because of the lack of corroboration of the testimony of the prosecutrix on the point referred to, the verdict of the jury is not justified by the evidence and therefore the judgment of conviction must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.